MORE (SADLER v.). See Case No. 12,208.

## Case No. 9,791.

**MOREHEAD v. JONES.**

[3 Wall. Jr. 306.] [1]

Circuit Court, E. D. Pennsylvania. Nov. Term, 1860.

PLEADING IN EQUITY—ANSWER—AMENDMENT BY STRIKING OUT ADMISSIONS—PATENTS.

In a bill for infringing a patent the defendants were allowed, under special circumstances, and there being no laches, to strike out an admission in their answer, that they had made certain articles, their making of which the complainant was seeking by the bill to enjoin.

[This was a bill by James K. Morehead against J. Hervey Jones.]

Morehead & Co., as assignees of a patent granted to one Sherwood for an improvement in door locks, filed their bill at the last term to restrain the respondents from infringing, and for an account. The defendants answered, admitting their use of the improvement, and claiming a right to use it by reason of a prior assignment to them by the patentee. They also filed a cross-bill, alleging their ownership of the patent, and praying for an injunction and account as against the complainants. After answer and replication, and when the parties were about to begin taking their testimony, the defendants, at the same term to which the bill was filed, made application to a judge of the court, by petition, for leave to amend their answer by striking out an admission that they had made door locks having substantially the improvements mentioned and specified in the patent, as stated in the complainants' bill, and inserting a modified admission, denying an infringement of any of the claims of the patent, except one of them, which was specified. They prayed for leave, also, to amend by taking an issue to the validity of the patent to Sherwood.

[1] [Reported by John William Wallace, Jr., Esq., and here reprinted by permission.]

The ground of the application was, that supposing Sherwood to have a valid patent, they had purchased a right to use it; that after filing their answer they had discovered that it was not a good patent, and that the assignment made to them was bad. Accompanying their petition was an affidavit that the matters and things set forth in their proposed amendment had only recently come to their knowledge, and since they had filed their answer. The district judge to whom this application was made did not grant it when made to him, but adjourned the matter till the present term, when the motion was again argued before the court. In he meantime the testimony on both sides had been taken, and the case set for hearing at this term.

GRIER, Circuit Justice. That amendments may be allowed by the court after issue and at any time before final decree, when it is manifest that the purposes of substantial justice require it, is admitted. But while it is thus admitted that the courts have such authority in the use of a sound discretion, they must be very cautious in its exercise. When the object is to let in new facts and defences wholly dependent on parol testimony, the reluctance of the court is greatly increased.

As the bill in this case was filed to the last term, and as the application for leave to amend was first made before the testimony was taken, it is not subject to the charge of laches, or great delay. The defendants have sworn also that the matters and things set forth and contained in the said proposed amendment only recently came to their knowledge, and subsequently to the filing of their said answer. This can only refer to the last matter of amendment, to wit, the invalidity of the patent. As to the first and second, there is no allegation or proof of any mistake of fact or law in the answer first sworn to, or that the extent of their infringement was not as well known before as since the answer was sworn to. These amendments cannot be allowed.

The only question, therefore, is, whether the respondents should now be allowed to set up a matter of defence inconsistent with their first answer. Assuming their answer and affidavit to be true, the case stands thus: They purchased a patent right from the patentee; supposing they had obtained a valid patent; they make defence to the complainants' bill, alleging a previous purchase: after filing their answer, they discover that the patent is invalid and their title to it good for nothing. Why should they not be allowed to contest the validity of the patent, and show that the complainants, as well as themselves, have been defrauded by the patentee? For if, under such circumstances, the respondents should be enjoined from using the supposed invention, it would present this anomaly, that the respondents would be hindered from using that which belongs to the whole world. Under the peculiar circumstances of this case, we think it would not be an abuse of the sound discretion of the court to permit the respondents to file a supplementary answer setting up this defence, on payment of costs which have accrued on the abandoned defence: 1st. Because there has been no laches or delay, the application being made during the term to which the bill was filed. 2d. The application was made as soon as the fact was discovered, and before any testimony was taken. 3d. If the defence be true, as we now assume, although the defendants might have discovered it before by proper diligence, yet believing their title to the patent better than that of complainants, their attention was not called to contest its validity till they discovered the invalidity of the title which has been imposed on them by the patentee. 4th. There is nothing contradictory or inconsistent between the answer as filed and the amendment proposed to be made: The first was made under the supposition that the patent, as well as the respondents' title to it, were valid. The new discovered defence admits they were doubly wronged by a bad title and by a worthless patent.

Whether this defence can be satisfactorily established is the matter to be tried.

[NOTE. There was a decision in this case in favor of complainant. Case No. 8,413. It was subsequently heard upon motion to treble the damages. Motion refused. Id. 8,414. The decree of the circuit court was for perpetual injunction and awarding $13,282.92 damages for infringement. From this decree an appeal was taken to the supreme court. The injunction was modified, and one dollar nominal damages awarded. 1 Wall. (68 U. S.) 155.]